# LAW OFFICES OF
## O'KEKE & ASSOCIATES, P.C.

801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs

```
------------------------------------X-----------------------------
CHRISTOPHER MCLEAN                  :UNITED STATES DISTRICT COURT
                                    :EASTERN DISTRICT OF NEW YORK
            Plaintiff(s),           :
                                    :   CASE No.: 12 cv 3345
     against                        :
                                    :
                                    :
THE CITY OF NEW YORK,               :   AMENDED COMPLAINT
P.O. JOHNNY CASTILLO (Shield#5895)  :
P.O. ADELINE THOMPSON (Shield#290)  :
JOHN DOE and JANE DOE               :
                                    :   PLAINTIFF DEMANDS
                                    :   TRIAL BY JURY
                                    :
            Defendant(s).           :   (ENV) (CLP)
------------------------------------X-----------------------------
```

TAKE NOTICE, the Plaintiff, Mr. Christopher McLean, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, Mr. Christopher McLean, by his attorney, Patrick O'keke Esq., complaining of the defendants, The City of New York, Police Officer Johnny Castello, (Shield#5895), Police Officer Adeline Thompson, (Shield#290), John Doe and Jane Doe collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute,

ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under

applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants P.O. Johnny Castello, (Shield#5895), and P.O. Adeline Thompson, (Shield#290), are police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

8. The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Police Officer.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about February 10, 2012, at approximately 7:30PM, the defendant officers, named and unnamed, working with the New York City Police Department and assigned to the 71st Precinct, without probable cause and/or justification, arrested the plaintiff on or near 1000 President Street, Brooklyn New York, County of Kings.

11. Prior to and after effecting the illegal arrest against the plaintiff, plaintiff had just finished parking his car in a legal parking spot, when the defendant officer approached

plaintiff and asked plaintiff to exit his car so that he can issue plaintiff with a summons/ticket, as plaintiff was exiting his car, plaintiff enquired what the ticket was for and why he had to exit the car to receive a ticket, the defendant officer immediately grabbed plaintiff, then violently pulled plaintiff out of the plaintiff's car and placed plaintiff under arrest for TR 4-08(E)(1) Double Parking, amongst other charges.  Plaintiff was immediately placed in handcuffs and ushered into a police vehicle. Thereafter, plaintiff was transported to the 71st Precinct where he was searched, pedigreed and then placed in a cell. After several hours of being provided no food and no drink, plaintiff was then placed in a police vehicle and transported to the Central Booking Division of the Criminal Court in Kings County, where he was placed in a holding pen with numerous other arrestees and again with no food, drink or access to proper restroom facilities.  After being detained for another two days in the holding pen, the plaintiff was charged with NY TR 4-08(E)(1) Double Parking, amongst other charges and brought before a judge of the criminal court.  Thereafter the plaintiff was caused to return to court on several occasions until February 1, 2013, where the plaintiff was acquitted after a trial.

12. Plaintiff was never given an explanation of why he was being arrested for a traffic ticket or how he had committed any of the crimes he was charged with, or why he was being and detained by the defendant officer.

13. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, he unlawfully arrested and imprisoned the plaintiff.

14. Plaintiff was arrested, detained and charged with NY TR 4-

      08(E)(1) Double Parking, amongst other charges and kept for a total of three days before seeing a judge, and had to return to court on numerous occasions with no just reason.

15. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did plaintiff commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

17. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, some or all of which may be permanent.

19. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of his attack, he continues to suffer and is fearful of going outside and when he sees the police, he suffers various emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

20. As a direct and proximate result of defendant's actions, plaintiff was unlawfully arrested and detained.

21. As a direct and proximate result of defendants actions,

plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

24. The actions of defendant, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendant has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. This action has been commenced within one year and ninety days after the happening of the event upon which the claim

is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

27. Plaintiff hereby restates paragraphs 1-27 of this complaint, as though fully set forth below
28. By detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, the defendant officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.
29. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.
30. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

False Arrest, False Imprisonment,
Malicious Prosecution and Excessive Force

32. Plaintiff hereby restates paragraph 1-32 of this complaint, as though fully set forth below
33. The Defendants Officers wrongfully and illegally arrested detained, and maliciously prosecuted the Plaintiff.
34. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.
35. That at all relevant times, the Officers Defendants acted excessively forcibly in apprehending, detailing, and imprisoning the Plaintiff.
36. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, and detained.
37. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained and prosecuted, thereby depriving plaintiff of his liberty.
38. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.
39. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest, detention, imprisonment and malicious prosecution during this period of time. Defendant City of New York, as employer of the

Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

40. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A THIRD CAUSE OF ACTION:

Intentional and/or Negligent Infliction
of Emotional Distress-all Defendants

42. The Plaintiff hereby restates paragraph 1-42 of this complaint, as though fully set forth below.

43. The Defendant Officer engaged in extreme and outrageous conduct, intentionally, recklessly and or negligently causing severe emotional distress to plaintiffs.

44. Plaintiff's emotional distress has damaged his personal and professional live because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

45. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat

<u>superior</u>.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;
2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;
3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;
4. Such other and further relief as this Court may deem necessary in the interest of justice

Dated: September 30, 2013
       Brooklyn, New York
                               O'keke& Associates, PC.

_____
Patrick O'keke, Esq. (PO-2861)
O'keke& Associates, PC.
Attorney for Plaintiff
801 Franklin Avenue
Brooklyn, New York 11238
Tel. (718) 855-9595

Civil Case Number: 13 CV 3345 (ENV)(CLP)     Attorney: PATRICK O'KEKE [2861]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CHRISTOPHER MCLEAN

                          Plaintiff(s),

against

THE CITY OF NEW YORK, et al.

                          Defendant(s).

---

**AMENDED COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

           Dated:_____

       Attorney(S) For:_____