UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

CHRISTOPHER MCLEAN,

No. 13-cv-3345-ENV-CLP

Plaintiff,

**ANSWER TO FIRST**
**AMENDED COMPLAINT**

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

JURY TRIAL DEMANDED

-------------------------------------------------------- x

Defendants Johnny Castillo and Adeline Thompson, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the First Amended Complaint, filed September 30, 2013 (the "Complaint") respectfully:

1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that the plaintiff has commenced an action as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the plaintiff purports to seek certain relief as stated therein.

3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the plaintiff purports to base venue in this district as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Johnny Castillo and Adeline Thompson are employed by the City as police officers and state that the allegation that any individual defendant was "acting under color of state law" is a legal conclusion to which no response is required.

8.     Deny the allegations set forth in paragraph "8" of the Complaint.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York.

10.    Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the plaintiff was arrested on February 10, 2012, in the vicinity of 1000 President Street in Brooklyn.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the plaintiff was arrested, was handcuffed and transported to the 71st Police Precinct, and admit on information and belief that the plaintiff was thereafter transported to Central Booking, arraigned on charges including Double Parking and acquitted after trial.

12.    Deny knowledge or information sufficient to form a belief as to the truth  of the allegations set forth in paragraph "12" of the Complaint.

13.    Deny the allegations set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint, except admit that the plaintiff was arrested and admit on information and belief that the plaintiff was arraigned on charges including Double Parking.

15.    Deny the allegations set forth in paragraph "15" of the Complaint.

16.    Deny the allegations set forth in paragraph "16" of the Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except state that the allegation that any individual defendant acted "under color of state law" is a legal conclusion to which no response is required.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the Complaint was filed on June 12, 2013.

27.     In response to the allegations set forth in paragraph "27" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except state that the allegation that the defendant officers "acted under pretense and color of state law" and "within the scope of their … employment" are legal conclusions to which no response is required.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, except state that the applicability of the doctrine of *respondeat superior* is a legal conclusion to which no response is required.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, except state that the applicability of the doctrine of *respondeat superior* is a legal conclusion to which no response is required.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

47.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

- 4 -

### THIRD AFFIRMATIVE DEFENSE

49.     Any injury alleged to have been sustained resulted from the plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

50.     The plaintiff provoked or was at fault for any incident.

### FIFTH AFFIRMATIVE DEFENSE

51.     Punitive damages cannot be assessed as against the individual defendants in their official capacities.

### SIXTH AFFIRMATIVE DEFENSE

52.     There was probable cause to arrest and prosecute the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

53.     If the plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

### EIGHTH AFFIRMATIVE DEFENSE

54.     Defendants Castillo and Thompson did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

55.     The plaintiff failed to mitigate his alleged damages.

**WHEREFORE,** defendants Johnny Castillo and Adeline Thompson demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York
             October 25, 2013

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants*
JOHNNY CASTILLO and
ADELINE THOMPSON
100 Church Street, Room 3-155
New York, New York  10007
(212) 356-3539
agarman@law.nyc.gov

By: _____
     Ashley R. Garman

- 6 -